## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

BROWN CO. COMM. v. RULE, Admx.

Ohio Appeals, 4th Dist., Brown Co.

Decided May 16, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**AUTOMOBILES.**
(50 Rf) Failure to maintain guard rails on approach to bridge held proximate cause of death of automobile driver.

**ROADS & HIGHWAYS.**
(520 .B) What constitutes an approach to a bridge, requiring guard rails, is a question for the jury from all the evidence.

**TRIAL.**
(590 Na) New trial will not be granted on ground of newly discovered evidence, when the evidence might have been, with due diligence, procured and offered at the trial.
(590 V2a) Verdict for $11,708.33 awarded for death of plaintiff's husband by reason of automobile accident, will not be set aside in absence of showing of passion or prejudice.

Error to Common Pleas.

Judgment affirmed.

John H. Houston and E. B. Stivers, Georgetown, for Co. Commrs.
E. R. Young and Young & Barnes, Georgetown, for Rule, Admx.

STATEMENT OF FACTS.

The defendant in error was awarded damages in the sum of $11,708.33 for the loss of her husband, who was killed while riding in an automobile over the north approach to the Straight Creek bridge. The claim of the defendant in error was based on the failure of the plaintiff in error to maintain guard rails at said approach as required by Section 7563 GC.

THOMAS, J.

The jury found, and we think correctly, that such failure was the proximate cause of the injuries complained of.

One of the main controversies of the plaintiff in error is that owing to the nature of the approach the statute does not apply; that the embankment was less than six feet high. The record shows that a retaining wall had been constructed from the bottom of the creek and which formed a wing to the abutment of the bridge; that the approach to the bridge had been constructed above the wall, leaving a shelf a few feet in width and which was less than six feet below the surface of the roadway. The question, therefore, as to what constituted the "approach" is to be determined. The learned court defined what in law constitutes an approach as contemplated by the statute.

The word approach is not a technical term requiring expert opinion. The question was one to be determined by the jury and not by the witnesses.

It seems to us that the practical solution of this question is to determine where an automobile would probably light after leaving the approach. Would it stop on the shelf between the edge of the wall and the "approach," or would it likely go over the wall? The jury found, and we think properly, that considering the purpose of the statutory enactment, namely, the protection of the traveling public, the approach included the wall.

In support of the motion for a new trial affidavits were procured in behalf of the plaintiff in error reflecting on the value of the services of the deceased to his family. Counter affidavits were obtained which seriously impair the probative value of the former. These affidavits of the plaintiff in error were procured through the instrumentality of a detective, and it is probable that he embellished the statements of the affiants as much as possible, being anxious to make a good showing for his employer. Moreover, there is nothing in the record to show that such evidence could not have been procured before the trial as well as afterwards. The deceased had been residing within fifty or sixty miles of the place of trial. The plaintiff's petition showed where the deceased lived immediately prior to his death. The record fails to show that any effort was made to obtain the "newly discovered evidence" until after the trial. The statute, Section 11576, provides as follows:

"Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at the trial."

This court is asked to reverse on the ground that the amount of the verdict is excessive. The statute, Section 11576, provides as one of grounds for new trial:

"Excessive damages, appearing to have been given under the influence of passion or prejudice."

The court may not reduce the amount of the verdict simply because it may appear excessive. Under all the facts we are unable so to find. Moreover, we are circumscribed by the statute and are required to find in the record the element of passion or prejudice. This we are unable to do. The amount of damages is for the jury to determine and its finding can not be disturbed unless authorized by the statute. Railroad Co. v. Miller, 108 OS. 388.
(Middleton, PJ., and Mauck, J., concur.)